**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-4116**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STANLEY KELLY,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CR-04-238)

―――――――――

Submitted: May 26, 2006                    Decided: June 30, 2006

―――――――――

Before MOTZ, TRAXLER, and KING, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Dennis H. Sullivan, Jr., THE SULLIVAN LAW FIRM, P.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Stanley Kelly pled guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). He appeals his 57-month sentence arguing that he was sentenced in violation of his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), and that the court's application of the guidelines as mandatory warrants resentencing. We affirm.

Kelly first argues that he was sentenced in violation of his Sixth Amendment rights under Booker. Because Kelly preserved this issue by objecting to the presentence report on the basis of Blakely v. Washington, 542 U.S. 296 (2004), this court reviews for harmless error. United States v. Rodriquez, 433 F.3d 411, 415 (4th Cir. 2006). Under the harmless error standard, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir.) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)), cert. denied, 126 S. Ct. 668 (2005).

To ascertain whether the defendant's sentence violated his or her Sixth Amendment rights post-Booker, this court looks to the defendant's "guideline range based on the facts he admitted before adjusting that range for acceptance of responsibility." United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Here, excluding the two-level enhancement for a stolen firearm and the three-level downward adjustment for acceptance of responsibility, Kelly's offense level would have been twenty and he would have been subject to a higher guideline range of 51 to 63 months of imprisonment. U.S. Sentencing Guidelines Manual Ch. 5, Pt. A (Sentencing Table) (2004). Because Kelly's 57-month sentence does not exceed the maximum sentence authorized by the facts he admitted, the enhancement did not result in Sixth Amendment error. Evans, 416 F.3d at 300-01.

Kelly also claims the district court erred in calculating his criminal history category because the district court assigned him criminal history points for the commission of the crime while on probation for a prior offense pursuant to USSG §§ 4A1.1(d), 4A1.2. He claims this enhancement violated Booker because the district court's finding that he committed the offense while on probation was a fact neither admitted by him nor found by a jury beyond a reasonable doubt.

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that "the government need not allege

in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." See also United States v. Cheek, 415 F.3d 349 (4th Cir.) (noting that Almendarez-Torres was not overruled by Booker), cert. denied, 126 S. Ct. 640 (2005). However, in United States v. Washington, 404 F.3d 834, 842-43 (4th Cir. 2005), this court, applying Shepard v. United States, 544 U.S. 13 (2005), held that relying on facts outside the indictment in order to conclude a prior conviction for burglary was a crime of violence that enhanced the defendant's offense level was plain error warranting correction.

Kelly's case is distinguishable from the facts in Washington, because the district court's assessment of criminal history points in this case only required that the district court determine when Kelly committed the offenses relative to the date of the instant offense and how long his probation lasted--matters ascertainable from the judicial record. Thus, we find that the court's assessment of criminal history points because Kelly was under a criminal justice sentence when he committed the charged offenses was not improper. See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005) ("The trial judge was entitled to rely upon the [presentence report] because it bears the earmarks of derivation from Shepard-approved sources such as the indictments and state-court judgments from his prior convictions, and,

moreover, [defendant] never raised the slightest objection either to the propriety of its source material or to its accuracy."), cert. denied, 126 S. Ct. 1463 (2006).

Last, Kelly argues that his sentence must be vacated and the case remanded for resentencing because the district court treated the guidelines as mandatory. The Government responds that the district court's announcement of an identical alternative, discretionary sentence rendered any error harmless.

This court has recognized that the application of the guidelines as a mandatory determinant in sentencing is error that is plain. White, 405 F.3d at 216-17. The court has also recognized that a Blakely objection at sentencing is sufficient to preserve a claim of statutory error in applying the guidelines in a mandatory fashion. Rodriquez, 433 F.3d at 416.

In this case, the district court clearly announced that it would impose the same sentence in this case if the guidelines were treated as advisory. See White, 405 F.3d at 224. Given the identical alternative sentence, the Government can show that the error in treating the guidelines as mandatory did not affect Kelly's substantial rights. See White, 405 F.3d at 223 (noting that substantial rights inquiry is the same under plain or harmless error and that only difference is who bears burden of proof); see also United States v. Revels, __ F.3d __, 2006 WL 1134148, *3 (4th Cir. May 1, 2006) (holding a Sixth Amendment error harmless because

the district court announced an identical alternate sentence after considering the guidelines as advisory only and thus the error did not affect the outcome of the proceeding).  Because the district court imposed a discretionary alternative sentence, Kelly cannot demonstrate prejudice.

Accordingly, we affirm Kelly's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
